IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVINIA and TERRY SPIEGEL,            )<br>                                                                )<br>        Plaintiffs,                                      )<br>                                                                )<br>v.                                                             )<br>                                                                )<br>                                                                )<br>THE BANK OF NEW YORK MELLON AS  )<br>TRUSTEE FOR CWABS, INC. ASSET-BASED )<br>CERTIFICATES, SERIES 2006-9              )<br>                                                                )<br>and                                                          )<br>                                                                )<br>OCWEN LOAN SERVICING,                 )<br>                                                                )<br>        Defendants.                                   )<br>                                                                ) | Case No. 4:14-cv-1774 |

## DEFENDANT OCWEN LOAN SERVICING, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW defendant Ocwen Loan Servicing, LLC, incorrectly named as "Ocwen Loan Servicing" ("Ocwen"), by and through counsel, and for its Answer to Plaintiffs' Second Amended Complaint states as follows:

1. Ocwen denies the allegations contained in Paragraph 1 and states that the properties described in Paragraph 1 are owned by The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 pursuant to Trustees' Deeds.

2. Ocwen admits that The Bank of New York Mellon f/k/a The Bank of New York is Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9. Ocwen lacks sufficient knowledge to answer the remaining allegations of Paragraph 2 and therefore denies the same.

3. Ocwen states the correct, full name of the entity is The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9. Ocwen lacks sufficient knowledge to answer the remaining allegations of Paragraph 3 and therefore denies the same.

4. Ocwen denies that it is a Florida limited liability company.  Ocwen admits that it is registered to do business in the State of Missouri.

5. Ocwen states that the document referred to in Paragraph 5 speaks for itself and therefore no response is required.  To the extent a response may be required, Ocwen admits the allegations of Paragraph 5.

6. Ocwen admits the loan, including the promissory note, was transferred to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9. Ocwe admits that it services the loan.

7. Ocwen states that the Deed of Trust referred to in Paragraph 7 speaks for itself and therefore no response is required.  To the extent a response may be required, Ocwen admits the allegations of Paragraph 7.

8. Ocwen states that the Deed of Trust referred to in Paragraph 8 speaks for itself and therefore no response is required.  To the extent a response may be required, Ocwen admits the Deed of Trust lists Mortgage Electronic Registration Systems, Inc. as nominee for the Lender and its successors.  Ocwen lacks sufficient knowledge to answer the remaining allegations of Paragraph 8 and therefore denies the same.

9. Ocwen states that the assignment of Deed of Trust referred to in Paragraph 9 speaks for itself and therefore no response is required.  To the extent response may be required, Ocwen admits the Deed of Trust was assigned to The Bank of New York Mellon f/k/a The Bank

of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 on March 16, 2012 and that the assignment was recorded on April 4, 2012.  Ocwen denies the remainder of the allegations in Paragraph 9.

10.     Ocwen states that the Appointment of Successor Trustee referred to in Paragraph 10 speaks for itself and therefore no response is required.  To the extent response may be required, Ocwen admits The Boyd Law Group, L.C. was appointed as successor trustee. Ocwen denies the remainder of the allegations in Paragraph 10.

11.     Ocwen admits foreclosure of the property at 2446 High School Drive occurred on August 29, 2012.  Ocwen admits the foreclosure was conducted by The Boyd Law Group, L.C. and admits The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 and Ocwen, as loan servicer, directed that foreclosure occur, due to Plaintiffs' default under the Note and Deed of Trust.  Ocwen denies the remainder of the allegations in Paragraph 11.

12.     Ocwen admits the purchaser at the foreclosure sale was The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9.  Ocwen denies the remainder of the allegations in Paragraph 12.

13.     BONY admits The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 is not registered to do business in the State of Missouri. BONY denies the remainder of the allegations in Paragraph 13.

14.     BONY lacks sufficient knowledge to answer the remaining allegations of Paragraph 14, including all subparts, and therefore denies the same.

15.     BONY states that the Appointment of Successor Trustee referred to in Paragraph 15 speaks for itself and therefore no response is required.  To the extent response may be

required, BONY admits that the Appointment of Successor Trustee appointing The Boyd Law Group, L.C. as substitute trustee was executed on March 15, 2012 and was recorded in the Office of the St. Louis County Recorder of Deeds on May 2, 2012 in Book 19970, Page 2530.  BONY admits the Appointment of Successor Trustee was executed by The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2006-9, by Ocwen Loan Servicing, LLC, attorney in fact.  BONY states that the remainder of Paragraph 15 constitutes a legal conclusion to which no response is required. To the extent a response may be required, BONY denies the remainder of the allegations in Paragraph 15.

16. BONY denies the allegations in Paragraph 16.

17. BONY lacks sufficient knowledge to answer the remaining allegations of Paragraph 17 and therefore denies the same.

18. BONY admits Ocwen Loan Servicing, LLC serviced the loan.  BONY denies the remainder of the allegations in Paragraph 18.

19. BONY denies the allegations in Paragraph 19, including all subparts.

20. BONY denies the allegation in Paragraph 20, including all subparts.

## FURTHER PLEADING AND AFFIRMATIVE DEFENSES

1. Further answering, Defendant reserves the right to assert additional defenses as this matter progresses.

## AFFIRMATIVE DEFENSE NO. 1

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## AFFIRMATIVE DEFENSE NO. 2

Although BONY denies any responsibility or fault with respect to Plaintiffs' claims for damages, if BONY is found in any respect liable, then Plaintiffs' own contributory negligence, fault, or responsibility must be compared to that of BONY and/or any other responsible party.

## AFFIRMATIVE DEFENSE NO. 3

The damages sustained by Plaintiffs, if any, were solely caused by Plaintiffs' own conduct or the conduct of others over whom BONY had no control and for which BONY cannot be liable.

## AFFIRMATIVE DEFENSE NO. 4

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, failure to mitigate damages, and laches.

## AFFIRMATIVE DEFENSE NO. 5

Plaintiffs' claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

## AFFIRMATIVE DEFENSE NO. 6

Plaintiffs are barred from the relief sought due to a prior breach of contract in that Plaintiffs failed to make full payment under the terms of the Note and Deed of Trust upon which they now base their claims against BONY.

## AFFIRMATIVE DEFENSE NO. 7

Plaintiffs' claims are barred because any actions taken by BONY were taken in good faith to protect its valid business interest.

## AFFIRMATIVE DEFENSE NO. 8

Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, defendant The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Based Certificates, Series 2006-9 prays to be dismissed hence with prejudice and with its costs, and for such other and further relief as the Court deems just and proper in the premises.

Dated: October 28, 2014

Respectfully submitted,

BRYAN CAVE LLP

/s/ Eric D. Martin
Eric D. Martin, #47558MO
Hilary H. Sommer, #47898MO
Jonathan B. Potts, #64091MO
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone: (314) 259-2000
Fax: (314) 259-2020
E-mail: eric.martin@bryancave.com
E-mail: sommerh@bryancave.com
E-mail: jonathan.potts@bryancave.com

*Attorneys for Defendant The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Based Certificates Series 2006-9*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

/s/ Eric D. Martin
Attorney for Defendant
