IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVINIA and TERRY SPIEGEL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> THE BANK OF NEW YORK MELLON AS ) <br> TRUSTEE FOR CWABS, INC. ASSET-BASED ) <br> CERTIFICATES, SERIES 2006-9 ) <br> ) <br> and ) <br> ) <br> OCWEN LOAN SERVICING, ) <br> ) <br> Defendants. ) <br> ) | Case No. 4:14-cv-1774 |

**DEFENDANT THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR CWABS, INC. ASSET-BASED CERTIFICATES, SERIES 2006-9'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2006-9, incorrectly named as "The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Based Certificates, Series 2006-9" ("BONY"), by and through counsel, and for its Answer to Plaintiffs' Second Amended Complaint states as follows:

1.  BONY denies the allegations contained in Paragraph 1 and states that the properties described in Paragraph 1 are owned by BONY pursuant to Trustees' Deeds.

2.  BONY admits that it is a New York Banking Corporation and states that it is not required to register to do business in the State of Missouri. BONY admits that it is Trustee for

CWABS, Inc. Asset-Backed Certificates, Series 2006-9. BONY lacks sufficient knowledge to answer the remaining allegations of Paragraph 2 and therefore denies the same.

3. BONY admits that CWABS, Inc. Asset-Backed Certificates, Series 2006-9 is not registered to do business in the State of Missouri.  BONY states the correct, full name of the entity is The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9. BONY lacks sufficient knowledge to answer the remaining allegations of Paragraph 3 and therefore denies the same.

4. BONY denies that Ocwen Loan Servicing, LLC is a Florida limited liability company.  BONY admits that Ocwen Loan Servicing, LLC is registered to do business in the State of Missouri.

5. BONY states that the document referred to in Paragraph 5 speaks for itself and therefore no response is required.  To the extent a response may be required, BONY admits the allegations of Paragraph 5.

6. BONY admits the loan, including the promissory note, was transferred to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9. BONY admits that Ocwen Loan Servicing, LLC has serviced the loan.

7. BONY states that the Deed of Trust referred to in Paragraph 7 speaks for itself and therefore no response is required.  To the extent a response may be required, BONY admits the allegations of Paragraph 7.

8. BONY states that the Deed of Trust referred to in Paragraph 8 speaks for itself and therefore no response is required.  To the extent a response may be required, BONY admits the Deed of Trust lists Mortgage Electronic Registration Systems, Inc. as nominee for the Lender

and its successors.  BONY lacks sufficient knowledge to answer the remaining allegations of Paragraph 8 and therefore denies the same.

9. BONY states that the assignment of Deed of Trust referred to in Paragraph 9 speaks for itself and therefore no response is required.  To the extent response may be required, BONY admits the Deed of Trust was assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 on March 16, 2012 and that the assignment was recorded on April 4, 2012.  BONY denies the remainder of the allegations in Paragraph 9.

10. BONY states that the Appointment of Successor Trustee referred to in Paragraph 10 speaks for itself and therefore no response is required.  To the extent response may be required, BONY admits The Boyd Law Group, L.C. was appointed as successor trustee. BONY denies the remainder of the allegations in Paragraph 10.

11. BONY admits foreclosure of the property at 2446 High School Drive occurred on August 29, 2012.  BONY admits the foreclosure was conducted by The Boyd Law Group, L.C. and admits The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 and Ocwen Loan Servicing, LLC, as loan servicer, directed that foreclosure occur, due to Plaintiffs' default under the Note and Deed of Trust.  BONY denies the remainder of the allegations in Paragraph 11.

12. BONY admits the purchaser at the foreclosure sale was The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9.  BONY denies the remainder of the allegations in Paragraph 12.

13. BONY admits The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-9 is not registered to do business in the State of Missouri. BONY denies the remainder of the allegations in Paragraph 13.

14. BONY lacks sufficient knowledge to answer the remaining allegations of Paragraph 14, including all subparts, and therefore denies the same.

15. BONY states that the Appointment of Successor Trustee referred to in Paragraph 15 speaks for itself and therefore no response is required. To the extent response may be required, BONY admits that the Appointment of Successor Trustee appointing The Boyd Law Group, L.C. as substitute trustee was executed on March 15, 2012 and was recorded in the Office of the St. Louis County Recorder of Deeds on May 2, 2012 in Book 19970, Page 2530. BONY admits the Appointment of Successor Trustee was executed by The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2006-9, by Ocwen Loan Servicing, LLC, attorney in fact. BONY states that the remainder of Paragraph 15 constitutes a legal conclusion to which no response is required. To the extent a response may be required, BONY denies the remainder of the allegations in Paragraph 15.

16. BONY denies the allegations in Paragraph 16.

17. BONY lacks sufficient knowledge to answer the remaining allegations of Paragraph 17 and therefore denies the same.

18. BONY admits Ocwen Loan Servicing, LLC serviced the loan. BONY denies the remainder of the allegations in Paragraph 18.

19. BONY denies the allegations in Paragraph 19, including all subparts.

20. BONY denies the allegation in Paragraph 20, including all subparts.

## **FURTHER PLEADING AND AFFIRMATIVE DEFENSES**

1. Further answering, Defendant reserves the right to assert additional defenses as this matter progresses.

### AFFIRMATIVE DEFENSE NO. 1

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2

Although BONY denies any responsibility or fault with respect to Plaintiffs' claims for damages, if BONY is found in any respect liable, then Plaintiffs' own contributory negligence, fault, or responsibility must be compared to that of BONY and/or any other responsible party.

### AFFIRMATIVE DEFENSE NO. 3

The damages sustained by Plaintiffs, if any, were solely caused by Plaintiffs' own conduct or the conduct of others over whom BONY had no control and for which BONY cannot be liable.

### AFFIRMATIVE DEFENSE NO. 4

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, failure to mitigate damages, and laches.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiffs' claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

### AFFIRMATIVE DEFENSE NO. 6

Plaintiffs are barred from the relief sought due to a prior breach of contract in that Plaintiffs failed to make full payment under the terms of the Note and Deed of Trust upon which they now base their claims against BONY.

AFFIRMATIVE DEFENSE NO. 7

Plaintiffs' claims are barred because any actions taken by BONY were taken in good faith to protect its valid business interest.

AFFIRMATIVE DEFENSE NO. 8

Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, defendant The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Based Certificates, Series 2006-9 prays to be dismissed hence with prejudice and with its costs, and for such other and further relief as the Court deems just and proper in the premises.

Dated: October 28, 2014                       Respectfully submitted,

                                              BRYAN CAVE LLP

                                              /s/ Eric D. Martin
                                              Eric D. Martin, #47558MO
                                              Hilary H. Sommer, #47898MO
                                              Jonathan B. Potts, #64091MO
                                              One Metropolitan Square
                                              211 North Broadway, Suite 3600
                                              St. Louis, MO  63102
                                              Telephone: (314) 259-2000
                                              Fax: (314) 259-2020
                                              E-mail: eric.martin@bryancave.com
                                              E-mail: sommerh@bryancave.com
                                              E-mail: jonathan.potts@bryancave.com

                                              *Attorneys for Defendant The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Based Certificates Series 2006-9*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                                          /s/ Eric D. Martin
                                          Attorney for Defendant